UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARL STORZ ENDOSCOPY-AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SYNAPTIVE MEDICAL, INC., <br><br> Defendant. | 17 Civ. 5607 (JMF) (KHP) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SYNAPTIVE MEDICAL, INC.'S
ANSWER TO KARL STORZ ENDOSCOPY-AMERICA, INC.'S COMPLAINT**

Defendant Synaptive Medical, Inc. ("Synaptive"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to the complaint of plaintiff Karl Storz Endoscopy-America, Inc. ("KSEA"), dated July 24, 2017 (the "Complaint"). To the extent not specifically admitted herein, the allegations of the Complaint are denied.

**STATEMENT OF THE CASE**

1.   Answering Paragraph No. 1, Synaptive admits that the Complaint purports to be an action arising under the patent laws of the United States, Title 35 of the United States Code, but denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement. To the extent there are any remaining factual allegations in Paragraph No. 1, Synaptive denies them.

2.   Answering Paragraph No. 2, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 2 and on that basis denies them.

3. Answering Paragraph No. 3, Synaptive admits that the Complaint purports to seek injunctive relief and damages, but denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement. To the extent there are any remaining factual allegations in Paragraph No. 3, Synaptive denies them.

## PARTIES

4. Answering Paragraph No. 4, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph No. 4 and on that basis denies them.

5. Answering Paragraph No. 5, Synaptive admits that it is a Canadian corporation having a principal place of business at 555 Richmond Street West, Suite 800, Toronto, Ontario M5V 3B1, Canada.

## JURISDICTION AND VENUE

6. Answering Paragraph No. 6, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent an answer is required, Synaptive admits that this Court would have subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 to the extent the Complaint purports to state claims for patent infringement arising under 35 U.S.C. §§ 271, 281, and 283-285, but denies any wrongdoing or infringement. Synaptive admits that it is a Canadian corporation. Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in Paragraph No. 6 and on that basis denies them.

7. Answering Paragraph No. 7, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent an answer is required, Synaptive admits that is has been doing business in this District. Synaptive denies that

it has been and is advertising, distributing, offering for sale, and selling products that infringe KSEA's patent rights to persons located within this District. Synaptive denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement. To the extent there are any remaining factual allegations in Paragraph No. 7, Synaptive denies them.

8. Answering Paragraph No. 8, Synaptive admits that it owns and operates the website available at www.synaptivemedical.com. Synaptive admits that it has attended tradeshows in New York and sells products in New York. Synaptive denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement. To the extent there are any remaining factual allegations in Paragraph No. 8, Synaptive denies them.

9. Answering Paragraph No. 9, Synaptive admits that it sells products within this District. Synaptive admits that it owns and operates the website available at www.synaptivemedical.com and admits that it operates various social media accounts. Any remaining allegations in Paragraph No. 9 constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required, or are otherwise denied by Synaptive.

10. Answering Paragraph No. 10, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent an answer is required, Synaptive denies that it has a regular and established place of business in this District. Synaptive denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement. To the extent there are any remaining factual allegations in Paragraph No. 7, Synaptive denies them. By filing this answer, Synaptive does not waive any argument that venue is improper or inconvenient in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**
**The BrightMatter Servo Products**

11. Answering Paragraph No. 11, Synaptive denies that it began selling its BrightMatter Servo System in the United States in or about 2012.

12. Answering Paragraph No. 12, Synaptive admits that the BrightMatter Servo System includes several products marketed by Synaptive under the BrightMatter name, including the BrightMatter Drive and BrightMatter Vision products.

13. Answering Paragraph No. 13, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph No. 13 and on that basis denies them.

14. Answering Paragraph No. 14, Synaptive admits that the BrightMatter Servo System, including the BrightMatter Drive and BrightMatter Vision products, is manufactured by Synaptive.

15. Answering Paragraph No. 15, Synaptive denies that it is the sole distributor in the United States of the BrightMatter Servo System, including the BrightMatter Drive and Vision products.

### The '360 Patent and KSEA's Products

16. Answering Paragraph No. 16, Synaptive admits that what appears to be a true and correct copy of U.S. Patent No. 9,468,360 ("the '360 patent") is attached to the Complaint as Exhibit A. Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in Paragraph No. 16 and on that basis denies them.

17. Answering Paragraph No. 17, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph No. 17 and on that basis denies them.

18. Answering Paragraph No. 18, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph No. 18 and on that basis denies them.

19. Answering Paragraph No. 19, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph No. 19 and on that basis denies them.

20. Answering Paragraph No. 20, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph No. 20 and on that basis denies them.

21. Answering Paragraph No. 21, Synaptive denies each and every allegation in Paragraph No. 21. Synaptive denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement.

22. Answering Paragraph No. 22, Synaptive denies that it was aware of the '360 patent at the time of its issuance.

23. Answering Paragraph No. 23, Synaptive denies that it was aware of the U.S. application that matured into the '360 patent at the time of its publication in March 2015.

24. Answering Paragraph No. 24, Synaptive denies that it was aware of the '203 patent at the time of its issuance.

25. Answering Paragraph No. 25, Synaptive denies that it was aware of the U.S. application that matured into the '203 patent as early as the time of its publication in December 2008.

26. Answering Paragraph No. 26, Synaptive denies that it was aware of International Pat. App. No. PCT/US08/07160 as early as the time of its publication in December 2008.

## COUNT I
## Alleged Infringement of the '360 Patent

27. Answering Paragraph No. 27, Synaptive incorporates each of its responses to Paragraphs 1-26 as though fully set forth herein.

28. Answering Paragraph No. 28, Synaptive denies each and every allegation in Paragraph No. 28. Synaptive denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement.

29. Answering Paragraph No. 29, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is required, Synaptive denies the allegations and specifically denies any wrongdoing or infringement.

30. Answering Paragraph No. 30, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is required, Synaptive denies the allegations and specifically denies any wrongdoing or infringement.

31. Answering Paragraph No. 31, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is required, Synaptive denies the allegations and specifically denies any wrongdoing or infringement.

32. Answering Paragraph No. 32, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is required, Synaptive denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement. Synaptive denies that there is any need for indemnification because there is no infringement.

33. Answering Paragraph No. 33, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is required, Synaptive denies the allegations and specifically denies any wrongdoing or infringement.

34. Answering Paragraph No. 34, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent an answer is required, Synaptive denies the allegations and specifically denies any wrongdoing or infringement.

35. Answering Paragraph No. 35, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph No. 35 and on that basis denies them.

36. Answering Paragraph No. 36, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that a response is required, Synaptive denies the allegations and specifically denies any wrongdoing or infringement.

37. Answering Paragraph No. 37, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is required, Synaptive denies the allegations and specifically denies any wrongdoing or infringement.

38. Answering Paragraph No. 38, Synaptive denies that it had notice of the '360 patent since it issued on October 18, 2016.

39. Answering Paragraph No. 39, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is

required, Synaptive denies the allegations and specifically denies any wrongdoing or infringement and denies that it is liable for any damages to KSEA.

40. Answering Paragraph No. 40, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is required, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph No. 40 and on that basis denies them. Synaptive denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement.

41. Answering Paragraph No. 41, the allegations constitute conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that an answer is required, Synaptive is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph No. 41 and on that basis denies them. Synaptive denies that KSEA's claims have any factual or legal basis, and denies any wrongdoing or infringement.

## RESPONSE TO PRAYER FOR RELIEF

Synaptive denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '360 patent. Synaptive further denies that KSEA is entitled to any of the relief requested against Synaptive as set forth in paragraphs A through H of the Prayer for Relief, or any other relief of any kind.

## AFFIRMATIVE DEFENSES

Synaptive alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the

8

affirmative defenses described below, Synaptive specifically reserves all rights to allege additional defenses that become known through the course of discovery. For its affirmative defenses to the Complaint, Synaptive alleges as follows:

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint is barred, in whole and in part, because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

Synaptive has not infringed, and is not infringing, any valid and enforceable claim of the '360 patent, either literally or under the doctrine of equivalents. Synaptive is not liable for infringement of the '360 patent and KSEA's allegations to the contrary are without foundation and have been made without any good-faith basis. For example, the accused products do not practice at least the following elements of independent claims 1 and 9:

- Claim 1: "at least one light port and at least one window coupled to said image receiving device for transmitting illuminating light; wherein illuminating light is transmitted through said light port and through said window for illuminating the object."

- Claim 9: "at least one light port attached to said image receiving device for transmitting illuminating light; wherein illuminating light is transmitted through said light port for illuminating the object."

### Third Affirmative Defense
### (Invalidity)

The '360 patent, and each claim thereof, is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103 and/or 112. For example, the '360 patent is invalid under at least 35

U.S.C. §§ 102 and 103 in view of the prior art cited on the face of the '360 patent, or any patent or application related thereto, either alone or in combination with other prior art references and/or the knowledge of a person of ordinary skill in the art, including at least the following prior art references: US3,818,125; US4,211,229; US4,327,738; US4,588,294; US4,740,058; US4,877,016; US4,953,539; US4,987,488; US5,005,957; US5,053,794; US5,059,009; US5,313,306; US5,416,634; US5,418,645; US5,493,109; US5,495,286; US5,496,261; US5,539,971; US5,568,188; US5,701,196; US5,579,772; US5,668,660; US5,867,210; US5,889,611; US6,036,637; US6,190,308; US6,221,007; US6,224,542; US6,318,864; US6,396,627; US6,400,514; US6,466,432; US6,582,362; US6,554,765; US6,640,131; US6,721,094; US6,801,325; US6,804,581; US6,919,914; US7,018,331; US7,066,879; US7,269,344; US7,828,721; US7,126,303; US7,345,814; US7,394,979; US7,476,873; US7,410,462; US7,959,558; US7,539,410; US7,594,188; US7,704,206; US7,892,165; US8,079,950; US8,339,447; US8,408,269; US8,480,566; US7,910,868; US8,814,779; US7,828,721; US7,852,371; US8,337,407; US5,846,185; US8,945,095; US7,609,289; US8,911,358; US6,925,357; US6,975,898; US8,480,566; USRE37356; US20010055150; US20020027723; US20020080571; US20020085273; US20040036962; US20040125446; US20040156017; US20040263680; US20050015005; US20050057800; US20050203374; US20050228257; US20050256371; US20050267329; US20050234526; US20060100497; US20060203330; US20060238857; US20080243142; US20070238955; US20050107808; US20080109026; JPH0630896; JP2001061776; JP2001133696; JP2004147777; JP2005110940; JP2005118457; JP2006255001; JP2006314393; JP2006305156; JP2007133175; JP3506809; DE19955041; JP4398352; JP4459108; Olympus-Equipment Pour L'endoscopie; Olympus-Systems Integration; Olympus-Telescopes; Olympus OM-1(n) & OM-2 (n) - Finder

Group Accessories Interchangeable Focusing Screens; Endoscopic-Assisted Microsurgery: Microsurgery in the New Millennium? A Comparative Experimental Study (El-Shazly); Microsurgery Without a Microscope: Laboratory Evaluation of a Three-Dimensional On-Screen Microsurgery System (Franken); The Virtual Surgeon: Operating on the Data in an Age of Medialization (Lenoir); A Practical Method of Macrophotography in Microsurgery (Seradjmir); Endoscopic Surgery Simulation in a Virtual Environment (Dumay); A Telerobotic Assistant tor Laparoscopic Surgery (Taylor); Endoscope Repair Issues (Kern); Video-Microsurgery: A New Tool In Microsurgery (Medot); New Device for Endoscopic Image Display During Microsurgical Clipping of Cerebral Aneurisms (Lirici); Video Microsurgery: Early Experience With an Alternative Operating Magnification System (Southern); A High-Definition Exoscop System for Neurosurgery and Other Microsurgical Disciplines: Preliminary Report (Mamelak); Video-Assisted Versus Conventional Microsurgical Training: A Comparative Study in the Rat Model (Blidisel); Advancement of the Endoscopic Assisted Microsurgery: A Clinical Experience (El-Shazly); Endoscope-Assisted Lymphatic Microanastomoses: Concept, Results, Expectations, and Applications (El-Shazly); Microvascular Anastomosis in an Optical Cavity: Is It Possible? (El-Shazly); Microscopic vs. Endoscopic Assisted Harvesting and Transplantation of Free Groin Flaps: A Comparative Experimental Study in the Rat Model (El-Shazly); Video Microsurgery: Additional Experience (Fissette); Video Microsurgery: Evaluation of Standard Laparoscopic Equipment for the Practice of Microsurgery (Gorman); Advances in Video Microsurgery (Hasham); Microvascular Surgery Utilizing The Endoscope as the Sole Source Of Visual Assistance (Jain); Teaching and Training in Endoscopic Microsurgery (Koller); Video Microsurgery: A Substitute for the Operating Microscope (Ramakrishna); Combined Endo- and

Exoscopic Semi-Robotic Manipulator System for Image Guided Operations (Serefoglou); High-Quality Video Recording and Monitoring System for Endoscopes (Tsunoda).

### Fourth Affirmative Defense
### (Equitable Defenses)

KSEA's claims are barred from recovering damages from Synaptive for alleged infringement of the '360 patent, in whole or in part, under principles of equity, including unclean hands, laches, estoppel, waiver, acquiescence, and/or other equitable defenses. For example, KSEA was aware of the accused BrightMatter Servo System as early as March of 2014 and acted in a manner to support an inference that KSEA did not intend to sue Synaptive for patent infringement by encouraging Synaptive to produce and sell the BrightMatter Servo System. Synaptive's reliance on KSEA's conduct resulted in material prejudice to Synaptive because it invested significant time and expense developing and selling the accused products during the relevant time-frame and thus increased its potential exposure in the present lawsuit.

### Fifth Affirmative Defense
### (Prosecution History Estoppel)

KSEA's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel based on amendments and statements made during the prosecution of the '360 patent and/or any application or patent related thereto.

### Sixth Affirmative Defense
### (Improper or Inconvenient Venue)

Venue for this action is improper in this District at least because Synaptive does not have a regular and established place of business in this District.  Venue for this action is inconvenient in this District at least because litigating in this district is inconvenient for potential witnesses and will cause undue hardship for Synaptive.

### Seventh Affirmative Defense

**(35 U.S.C. §§ 286, 287)**

KSEA's claims for relief are barred, in whole or in part, under 35 U.S.C. § 286 to the extent that KSEA seeks to recover damages for allegedly infringing acts occurring more than six years before the filing of its Complaint, under 35 U.S.C. § 287 for failing to mark products that it claims embody the '360 patent, and/or 35 U.S.C. § 288 for failure to disclaim the invalid claims of the '360 patent prior to the filing of its Complaint.

### Eight Affirmative Defense
**(Implied License and/or Patent Exhaustion)**

KSEA's claims for relief are barred, in whole or in part, under the doctrines of implied license and/or patent exhaustion.  For example, KSEA sold cameras to Synaptive with knowledge that those cameras would be incorporated in the accused BrightMatter Servo Systems.  The KSEA cameras have no non-infringing uses and the circumstances of the sale of those cameras to Synaptive plainly indicate that a grant of a license should be inferred because, upon information and belief, KSEA knew that those cameras would be incorporated into the accused BrightMatter Servo systems.  Additionally, KSEA's sale of cameras to Synaptive with knowledge that they would be used in the accused products constitutes an authorized sale of those cameras which are capable for use only in allegedly practicing the '360 patent and therefore is a relinquishment of KSEA's alleged patent rights under the '360 patent with respect to those cameras and the products they are incorporated into.  Further, the KSEA cameras at issue embody essential features of the '360 patent claims based on KSEA's infringement theories.

### Ninth Affirmative Defense
**(No Basis for Injunctive Relief)**

KSEA is not entitled to injunctive relief because any injury to KSEA is not immediate or irreparable, KSEA has an adequate remedy at law, the balance of hardships does not warrant a remedy in equity, and the public interest would be disserved by a permanent injunction.

**Tenth Affirmative Defense**
**(Patent Misuse)**

KSEA's claims for relief are barred in whole or in part, under the doctrine of patent misuse. For example, by threatening to file suit and by filing suit to assert the '360 patent against Synaptive, KSEA is impermissibly attempting to broaden the temporal and physical scope of the '360 patent to cover products not within the scope of the '360 patent and has done so in a manner that has anti-competitive effects. Upon information in belief, KSEA's has done so in bad faith and for the improper purpose of forcing Synaptive to license the '360 patent even though the accused products do not infringe the '360 patent and/or forcing Synaptive to buy components of the accused products from KSEA.

**Eleventh Affirmative Defense**
**(Reservation of Rights)**

Synaptive reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

WHEREFORE, Synaptive denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '360 patent, and further denies that KSEA is entitled to any judgment against Synaptive whatsoever. Synaptive asks that the Complaint be dismissed with prejudice, that judgment be entered for Synaptive, and that Synaptive be awarded its attorneys' fees and costs incurred in this action, together with such other relief the Court

deems appropriate.  Synaptive further reserves the right to seek dismissal and/or transfer based on improper or inconvenient venue as alleged above.

## JURY DEMAND

Synaptive respectfully demands a trial by jury of any and all issues triable of right by jury in the above action.

Dated: December 22, 2017
Washington, D.C.

LATHAM & WATKINS LLP

By:  /s/ Kevin C. Wheeler
Kevin C. Wheeler (*pro hac vice*)
555 Eleventh Street, NW - Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200
Fax: (202) 637-2201
kevin.wheeler@lw.com

Clement Naples
885 Third Avenue
New York, NY 10022
Tel:  (212) 906-1200
Fax:  (212) 751-4864
clement.naples@lw.com

Attorneys For Defendant
Synaptive Medical, Inc.