USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/08/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                 :
KARL STORZ ENDOSCOPY-AMERICA, INC. ,  :
                                               :
                    Plaintiff,                :          17-CV-5607 (JMF)
                                               :
                       -v-                    :          MEMORANDUM OPINION
                                               :                AND ORDER
SYNAPTIVE MEDICAL, INC.,                    :
                                               :
                    Defendants.          :
                                               :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Karl Storz Endoscopy-America, Inc. ("KSEA") alleges that Defendant Synaptive Medical, Inc. ("Synaptive") infringed its patent, U.S. Patent No. 9,468,360 (the "'360 patent"), titled "Video System for Viewing an Object on a Body." After filing its answer on December 22, 2017, (Docket No. 21), Synaptive filed with the Patent Trial and Appeal Board ("PTAB") an *inter partes* review ("IPR") Petition challenging the validity of the '360 patent on January 11, 2018. (Docket No. 24 ("Patel Decl."), ¶ 4; *id.*, Ex. 1 ("IPR Pet.")). Nineteen days later, Synaptive filed a motion to stay these proceedings pending the IPR proceedings. (Docket No. 22). In deciding whether to grant such a stay, courts generally consider three factors: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Goodman v. Samsung Elecs. Am., Inc.*, No. 17-CV-5539 (JGK), 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017). "These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs." *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236 (AJN), 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016).

Applying the relevant factors here, the Court easily concludes that a stay is warranted. First, the IPR proceedings are highly likely to simplify the issues in question and trial of this case — and may moot it altogether. That may well have been true at the time Synaptive filed its motion to stay, as the review process was likely even then to "carry at least some streamlining benefits for this action, whether because causes of action [would have been] reduced in their scope or foreclosed entirely or because the contours of the infringement inquiry [would have been] sharpened." *Id.* at *3. But it is indisputable now, as the PTAB granted Synaptive's Petition, instituting IPR of every claim of the '360 patent, while this motion was pending. (*See* Docket No. 34). Second, the stage of the proceedings also weighs heavily in favor of a stay. In light of Synaptive's motion, the Court has not yet held a conference. (*See* Docket No. 25). Nor have the parties begun discovery, served infringement and invalidity contentions, or begun the claims construction process. (*See* Patel Decl. ¶ 3). It follows that KSEA "cannot argue that the proceedings in this matter are too advanced to warrant a stay." *Goodman*, 2017 WL 5636286, at *2; *accord Straight Path*, 2016 WL 6094114, at *3; *Capital Dynamics AG v. Cambridge Assocs., LLC,* No. 13-CV-7766 (KBF), 2014 WL 1694710, at *1 (S.D.N.Y. Apr. 1, 2014).

Finally, the prejudice factor also favors a stay. Evaluating whether a stay will prejudice the opposing party requires examination of four sub-factors: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Rensselaer Polytechnic Inst. v. Apple Inc.* ("*Rensselaer*"), No. 13-CV-0633 (DEP), 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014). Here, the first three sub-factors plainly favor granting Synaptive's motion, as (1) Synaptive filed its IPR petition within weeks of filing its answer and well within the one-year statutory deadline, *see* 35 U.S.C. § 315(b); (2) Synaptive moved for a stay only nineteen days after its IPR filing, and just over one

week after the PTAB issued a Notice of Filing, (*see* Patel Decl. ¶¶ 4, 6); and (3) as noted, the PTAB granted the IPR Petition and will thus decide the matter by July 16, 2019, *see* 35 U.S.C. § 316(a)(11). The final sub-factor — the relationship of the parties — is a closer call, if only because KSEA asserts that it is in direct competition with Synaptive. (*See* Docket No. 27 ("Pl.'s Opp'n"), at 1-2). But that assertion — which is vigorously disputed by Synaptive, (*see* Docket No. 23, at 14-15; Docket No. 28, at 10) — is not clearly borne out by the allegations in KSEA's own Complaint, let alone by evidence. *See, e.g.*, *Lighting Science Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co.*, No. 16-CV-3886 (BLF), 2017 WL 2633131, at *4 (N.D. Cal. June 19, 2017) (noting that courts require evidence to "evaluat[e] claims that direct competition will result in prejudice from a stay"). Nor is it explicitly supported in the IPR Petition, to which KSEA points. (*See* Pl.'s Opp'n 1 (citing IPR Pet. 13)). In any event, even if that one sub-factor weighed in favor of KSEA, it would not be enough to tip the prejudice factor itself in KSEA's favor — let alone the balance of all three factors. *See, e.g.*, *Rovi Guides, Inc. v. Comcast Corp.*, No. 16-CV-9278 (JPO), 2017 WL 4876305, at *5 (S.D.N.Y. Oct. 27, 2017) (holding that a stay was warranted "[e]ven if there [was] some competition between parties").

For the foregoing reasons, Synaptive's motion to stay pending the IPR proceedings is GRANTED. Further, the Court sees no reason to keep the case open pending the PTAB's decision. Accordingly, the Clerk of Court is directed to (1) terminate Docket No. 22; and (2) administratively close the case, without prejudice to either party moving to reopen the case within thirty days of the conclusion of the IPR proceedings.

SO ORDERED.

Date: August 8, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge